---o---

## Pickens, Administrator, *v.* Hill.

Decedents' Estates.—*Oaths of Administrator and Sureties.*—The fact that the oath of an administrator, on taking letters, his affidavit as to the value of the decedent's property, and the affidavits of his sureties as to the value of their property, have been sworn to before a notary public, instead of the clerk, does not render the administration void.

Same.—*Collateral Proceeding.*—If a wife die, intestate, leaving no child or any descendant thereof, and no father or mother, the husband is entitled, without administration, to the possession of property received by her from a settlement by administration, not void, of the estate of a former husband, as against a subsequent administrator of the estate of such former husband.

APPEAL from the Orange Common Pleas.

Elliott, J.—Pickens, as administrator of John S. Gifford, sued Hill, to recover possession of certain personal property, which he alleged belonged to the estate of said decedent.

The answer of Hill is in three paragraphs. The first is a general denial. The others set up a claim of property in Hill, derived from his deceased wife, to which demurrers were filed and overruled.

A reply in denial was then filed, and the issues were tried by a jury, resulting in a verdict for the defendant. Motion for a new trial overruled; and judgment.

The first question presented by the appellant is the overruling of the demurrer to the second and third paragraphs of the answer. It is insisted that those paragraphs do not contain all the necessary averments to show property in Hill. We do not find it necessary, however, to examine the objections, as the same matters of defense were available under the general denial, and hence whether these answers were technically good or not, would not change the result here, as the evidence is in the record.

The second error complained of is the refusal of the court to grant a new trial, because the verdict is not sustained by the evidence.

It appears from the evidence that John S. Gifford died, without issue, in 1864, possessed of the property in controversy. He left a will which contains these provisions, viz: "I do give and bequeath to my wife, Ruth Ann Gifford, all of my personal property; and I wish forty acres of land that I own in Effingham county, Illinois, sold, and the proceeds to go to my wife. * * * And that one-half of the household and kitchen furniture be divided with my wife's relatives, and the remaining half divided with my relatives."

After the death of Gifford the will was duly proved and admitted to probate in the Court of Common Pleas of Orange county. Letters of administration with the will annexed were granted to Ruth Ann Gifford, the widow, who executed a bond which was approved by the clerk. She filed an inventory and appraisement of the personal property, and subsequently filed a final settlement, or account current, showing that she had paid all the claims against the estate, amounting to $260.83, and accounted for all the assets thereof, and prayed to be discharged. The report was approved by the court, and the administratrix was, by order of the court, discharged "from all further duty and liability in the premises."

It further appears that Gifford left surviving him brothers and a brother's children, but no father or mother; that his widow, Ruth Ann, subsequently married the defendant Hill, and that she afterwards died, intestate, possessed of the property in controversy; that she did not leave surviving her a child or any descendant thereof, or father or mother. The property at her death was left in the possession of her surviving husband, the defendant, and he was entitled to it under the 26th section of the statute of descents (1 G. & H. 296). The question as to whether his title was perfect without administration on her estate does not arise in the case. His possession was good as against the claim of the appellant as administrator of John S. Gifford. If the property, as the evidence shows, was hers, the appellant was not entitled to its possession, and therefore could not maintain the action. It was the property of the defendant as the surviving husband, subject only to the payment of the debts (if any) of his deceased wife.

When the defendant offered in evidence the proceedings of the Court of Common Pleas, containing the proof of the will of John S. Gifford, the grant of letters of administration thereon, the bond of the administratrix and her oath as such, her affidavit as to the value of the property of the decedent, and the affidavits of her sureties as to the value of their property, the appellant objected to the evidence because it appeared that the administratrix and her sureties were sworn by a notary public, and not by the clerk of the court.

The objection was overruled and the evidence admitted. This ruling is also complained of. There is nothing in the objection. The failure to have the oaths referred to administered by the clerk, if erroneous, did not render the administration of the estate void, and it could not, therefore, be attacked in a collateral suit.

The property in dispute, consisting of various articles, amounts in value to between eight and nine hundred dollars; amongst which are two widths of carpet, an oil

cloth for stand, old copper kettle, fly brush, old scissors, a large and small meat box, of the aggregate value of seven dollars and twenty-five cents. It is insisted that these articles are either household or kitchen furniture, and did not go to Ruth Ann Gifford, under the will, but constituted a part of the property that was to be equally divided between the relatives of the testator and of his wife, and for them, at least, appellant should have recovered.

Some of the articles enumerated may be classed under the head of household and kitchen furniture, but as to whether they were so held and used by Gifford at the time of his death does not appear.

It was the evident design of the testator that his administrator should not sell, but divide out the household and kitchen furniture referred to in the will amongst the relations entitled thereto. The estate was settled up by the widow, as administratrix, long before this suit was instituted, and no complaint appears to have been made, by those entitled, as to the manner in which the household and kitchen furniture had been disposed of. The object of this suit was evidently to recover from Hill the property that was devised to his deceased wife by her former husband, and we find nothing in the evidence to justify us in disturbing the verdict because of the articles enumerated above.

We think the court did right in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*J. & J. T. Cox, S. E. Perkins, Sr.,* and *S. E. Perkins, Jr.,* for appellant.

*A. J. Simpson,* for appellee.